IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, and STATE OF COLORADO, | ) Civil Action No. _____ )  ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) |
| HOME DEPOT USA, INC., | ) ) |
| Defendant. | ) ) |

COMPLAINT

Plaintiffs, the United States of America, by authority of the Attorney General of the United States, at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), and the State of Colorado ("State"), by the authority of the Colorado Attorney General's Office, at the request of the Colorado Department of Public Health and Environment, by and through their undersigned attorneys, allege as follows:

INTRODUCTION

1.  This is a civil action for injunctive relief and civil penalties brought pursuant to the Clean Water Act, 33 U.S.C. § 1319(b) and (d), and the Colorado Water Quality Control Act ("CWQCA"), §§ 25-8-607 and -608, C.R.S., against Home Depot USA, Inc. ("Home Depot" or "Defendant") for the discharge of pollutants in storm water without a permit in violation of 33 U.S.C. § 1311 and § 25-8-501(1), C.R.S.; for failing to provide information in violation of 33

U.S.C. § 1318 and § 25-8-304(1), C.R.S.; and for violations of the conditions of permits issued pursuant to 33 U.S.C. § 1342 for discharge of pollutants in storm water from construction sites in violation of 33 U.S.C. § 1311, including, among others, the conditions of the Colorado General Permit issued by the State of Colorado pursuant to §§ 25-8-501 to -503, C.R.S. and the federal Clean Water Act, 33 U.S.C. § 1342.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345 and 1355 and 33 U.S.C. § 1319(b). This Court has jurisdiction over the claims of the State pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. Venue is proper in this District pursuant to 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391 and 1395, because Home Depot conducts business in this District, and because certain of the violations occurred in this District.

4. Notice of the commencement of this action has been given to the States of Alabama, Alaska, Arizona, California, Colorado, Florida, Georgia, Indiana, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Montana, Nebraska, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Oregon, Rhode Island, Texas, Utah, and Wisconsin, in accordance with 33 U.S.C. § 1319(b).

## DEFENDANT

5. Home Depot is a corporation organized under the laws of Delaware and is a "person" as defined in 33 U.S.C. § 1362(5) and 40 C.F.R. § 122.2, and in § 25-8-103(13), C.R.S. of the CWQCA.

6. Home Depot is a corporation doing business in stores in all 50 states of the United

States, the District of Columbia, Puerto Rico, U.S. Virgin Islands, 10 Canadian provinces, Mexico and China. Home Depot's principal place of business is in Atlanta, Georgia.

7.  Home Depot has constructed and is currently constructing home improvement retail stores for its ownership and/or operation on various pieces of property owned and/or operated by Home Depot throughout the United States, including in this District. Home Depot operates over 1800 stores in the United States and constructs numerous new stores each year.

## STATUTORY AND REGULATORY AUTHORITY

8.  The Clean Water Act is designed to restore and maintain the chemical, physical and biological integrity of the nation's waters. 33 U.S.C. § 1251(a).

9.  To accomplish the objectives of the Act, 33 U.S.C. § 1311(a) prohibits the discharge of pollutants by any person except in certain circumstances, including in compliance with a National Pollutant Discharge Elimination System ("NPDES") permit issued pursuant to Section 402, 33 U.S.C. § 1342. See also CWQCA, §§ 25-8-501 to 503, C.R.S., and the "Colorado Discharge Permit System Regulations," Regulation No. 61 (5 C.C.R. 1002-61).

10. Section 308 of the Clean Water Act, 33 U.S.C. § 1318, requires owners and operators of point sources to submit information to the EPA as needed to carry out the objectives of the Clean Water Act, including the NPDES permit program of Section 402. See also CWQCA §§ 25-8-304(1) and -501(1).

11. The Clean Water Act requires a permit for storm water discharges associated with industrial activity. 33 U.S.C. § 1342(p). See also Regulation No. 61 (5 C.C.R. 1002-61), § 61.3(2).

12. Under EPA's regulations, persons who discharge or who propose to discharge

"storm water associated with industrial activity" are required to apply for an individual permit or seek coverage under a promulgated storm water general permit. 40 C.F.R. §§ 122.26(c), 122.21(a), (c), 122.28. The regulations define the term "storm water discharge associated with industrial activity" to include storm water discharges from construction activity, including clearing, grading, and excavation activities, that result in a disturbance of five or more acres of total land area. 40 C.F.R. § 122.26(b)(14)(x). Construction activity also includes the disturbance of less than five acres of total land area that is part of a larger common plan of development or sale if the larger common plan will ultimately disturb equal to or greater than five acres. Id. In applying for coverage under a storm water individual or general permit, a potential permittee must provide the necessary information on the basis of which EPA or the state permitting agency may evaluate the appropriateness of the issuance of and the terms of any such permit.

13. Under 40 C.F.R. § 122.21(c), a discharger proposing a new discharge of storm water associated with construction activity covered by § 122.26(b)(14)(x) must submit an application 90 days before the date construction is to commence, or by the deadlines provided by the terms of any applicable general permit. See 40 C.F.R. § 122.28(b)(2).

14. In 1992, EPA issued a Final NPDES General Permit for Storm Water Discharges from Construction Sites. 57 Fed. Reg. 41176, 41209 (Sept. 9, 1992). EPA has, on various occasions, subsequently modified and reissued this general permit. See 63 Fed. Reg. 7858-7906 (Feb. 17, 1998); 63 Fed. Reg. 36490-36519 (July 6, 1998); 65 Fed. Reg. 25122-25145 (Apr. 28, 2000); 68 Fed. Reg. 39087-01 (July 1, 2003) (generally "Applicable Permit").

15. Pursuant to the Act, states may issue their own storm water permits if they are authorized by EPA to do so. 33 U.S.C. § 1342(b). Most states are so authorized and have issued

their own general permits governing discharges of storm water associated with construction activities (generally, "Applicable Permit"). For example, Colorado has been so authorized and has issued its own general permit. See Colorado General Permit for Storm Water Discharges Associated with Construction Activity No. COR - 030000 (the "Colorado General Permit"). For states that have not been authorized, EPA remains the permitting authority, and the federal general permit applies (generally, "Applicable Permit").

16. Though they differ in some of the details, in general, both the federal and state general permits impose similar requirements on the owners and operators of construction sites. Generally, a person must obtain coverage under a general permit for discharging storm water if that person engages in construction that meets the definition of "industrial activity" by 40 C.F.R. § 122.26(b)(14)(x), and either has operational control of construction project plans and specifications or has day-to-day operational control of those activities which are necessary to ensure compliance with permit conditions. 33 U.S.C. § 1311(a); 1342(p); 40 C.F.R. § 122.21; 40 C.F.R. Part 122. See also CWQCA §§ 25-8-501(1), C.R.S., and Regulation No. 61 (5 C.C.R. 1002-61), § 61.3(2).

17. In general, a person described in Paragraph 16 must submit a complete Notice of Intent ("NOI") to be covered by the general permit by a specific deadline. The Federal General Permit requires the NOI to be submitted at least seven days prior to the commencement of construction activities. Federal General Permit, ¶¶ 2.1B, 2.3A. The Colorado General Permit, for example, requires the NOI (referred to as an "application") to be submitted at least ten calendar days prior to the commencement of construction activities. Colorado General Permit, Part 1.A.4.

18. In general, under the general permits, any person subject to the permit is required to develop a storm water pollution prevention plan ("SWPPP"; in Colorado, referred to as a "storm water management plan" or "SWMP") which sets forth a plan for minimizing and eliminating to the extent feasible discharges of pollutants in storm water associated with construction activities. Under each permit, the SWPPP must meet specific requirements and include certain information. See, e.g., Colorado General Permit, Parts I.B and I.C.

19. A central requirement of the SWPPP is the selection of best management practices ("BMPs"). BMPs are management practices implemented "to prevent or reduce the discharge of pollutants to waters of the United States." Federal CGP, Appendix A. These practices include measures to prevent erosion (such as the scheduling of the project to minimize the amount of land that is being graded at any particular time) and measures to capture sediment before it leaves the site (such as silt fences and sedimentation basins).

20. The permits also require the permittee to implement the SWPPP and to properly operate and maintain the BMPs.

21. The permits impose additional requirements, including inter alia: inspection of the site during construction; maintenance of the SWPPP and sometimes other records at the site; and final stabilization of the site followed by termination of permit coverage.

22. The Act authorizes the Administrator of EPA "to commence a civil action for appropriate relief, including a permanent or temporary injunction," when any person is in violation of 33 U.S.C. §§ 1311, 1318, or of any permit issued pursuant to 33 U.S.C. § 1342. 33 U.S.C. § 1319(b). The CWQCA authorizes injunctive relief at § 25-8-607, C.R.S.

23. The Act provides, in part, that any person who violates 33 U.S.C. §§ 1311, 1318,

or any permit issued pursuant to 33 U.S.C. § 1342, shall be subject to a civil penalty not to exceed $27,500 per day for each such violation occurring after January 31, 1997 through and including March 15, 2004, and $32,500 per day for each such violation thereafter. 33 U.S.C. § 1319(d); 40 C.F.R. § 19.4; 62 Fed. Reg. 7121-01 (Feb. 13, 2004) (codified at 40 C.F.R. pt. 19). Section 25-8-608(1), C.R.S., provides that violations of the CWQCA shall be subject to civil penalties not to exceed $10,000 per day for each violation.

## FACTUAL ALLEGATIONS

24. In inspections at Home Depot construction sites conducted primarily between 2000 and 2003, EPA found a pattern of failures to obtain coverage under Applicable Permits and to comply with the requirements of Applicable Permits for the discharge of storm water from these construction sites. This pattern was evident from inspections of 15 construction sites in 7 states. Additional information was obtained from Home Depot's responses to information requests issued by EPA pursuant to Section 308 of the Act, which provided evidence of additional violations at Home Depot Sites. Attachment A lists the Home Depot sites for which EPA has information from inspections, information request responses, or otherwise concerning violations of the storm water requirements of the Clean Water Act.

25. Home Depot constructed a store on each of the sites listed on Appendix A, which construction activity resulted in the disturbance of at least 5 acres at each of these sites.

26. Home Depot controlled the plans and specifications for the construction of its stores, or otherwise met the definition of operator under 40 C.F.R. § 122.2, and the Applicable Permit, and was therefore required to obtain NPDES permit coverage for its storm water

discharges from construction activities, and to comply with all applicable requirements and conditions under the Act, its regulations, and the Applicable Permit. 33 U.S.C. § 1342; 40 C.F.R. §§ 122.21, 122.26.

27. The construction of Home Depot stores resulted in the addition of "pollutants," including rock, sand, cellar dirt, industrial waste, solid waste, and other pollutants, to storm sewers, ditches, or other conveyances that discharge to streams, creeks, and other water bodies that, on information and belief, are "waters of the United States," within the meanings of Section 502(6) and (7), of the Act, 33 U.S.C. § 1362(6), (7), and 40 C.F.R. § 122.2, and "state waters" in Colorado, within the meaning of CWQCA §§ 25-8-103(15) and 25-8-103(19), C.R.S.

28. Home Depot sites, themselves, as well as the storm sewers, ditches, or other conveyances referenced in Paragraph 27 above, constitute "point source[s]" within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14), and CWQCA at § 25-8-103(14), C.R.S.

29. By causing the addition of such pollutants to waters of the United States or the State through point source(s), Home Depot has engaged in the "discharge of pollutants" within the meanings of Sections 301 and 502(12) of the Act, 33 U.S.C. §§ 1311 and 1362(12), 40 C.F.R. § 122.2, and CWQCA at § 25-8-103(3), C.R.S.

30. At the stores listed on Appendix A and at times relevant to this complaint, Home Depot was a person that proposed to discharge or who otherwise was required to timely apply for coverage under the Applicable Permit. 33 U.S.C. § 1342(p), 40 C.F.R. §§ 122.21(a), (c), 122.26(c), and 122.28.

31. Home Depot failed to timely submit the information required to apply for or obtain coverage under the Applicable Permit at some of the stores listed on Appendix A,

including, but not necessarily limited to, Home Depot sites in Seabrook, NH, Austin, TX, Garden City, KS, Blue Springs, MO, Porterville, CA, Provo, UT, Aurora, CO (Saddlerock), and Aurora, CO (Pioneer Hills). At certain sites, including, but not necessarily limited to, Home Depot sites in Ellsworth, ME, Plymouth, MI, American Fork, UT, and Surprise, AZ, Home Depot never applied for or obtained coverage under the Applicable Permit at all.

32. EPA obtained evidence, through inspections, information requests or otherwise, of violations of the Applicable Permit at some or all of the sites listed on Appendix A for which Home Depot did obtain coverage under the Applicable Permit, including but not limited to the Evergreen, CO site, the Pioneer Hills store in Aurora, CO, and the Saddlerock store in Aurora, CO. Violations of storm water requirements at these and other sites include, but are not necessarily limited to: failure to install and maintain storm water controls (such as a vehicle track out pad, inlet protection, silt fencing to minimize off-site sediment and erosion runoff); failure to properly design or implement BMPs; failure to prepare an adequate SWPPP; failure to conduct inspections; and failure to conduct inspections in accordance with the permit requirements.

FIRST CLAIM FOR RELIEF

DEFENDANT VIOLATED THE
REQUIREMENTS OF THE APPLICABLE PERMITS

33. Plaintiff realleges and incorporates by reference Paragraphs 1 through 32.

34. On information and belief, Home Depot violated the terms and conditions of the Applicable Permit at sites listed in Appendix A.

35. Unless enjoined, these violations will continue or will recur at other construction

sites.

36. Pursuant to 33 U.S.C. § 1319, Home Depot is liable for injunctive relief and civil penalties of up to $27,500 per day for each such violation occurring after January 31, 1997 through and including March 15, 2004 and $32,500 per day for each such violation thereafter per day per violation.

37. Pursuant to Colorado law, Home Depot is liable for injunctive relief and civil penalties of not more than $10,000 per day for each violation that occurred at a site within Colorado that is listed on Appendix A.

SECOND CLAIM FOR RELIEF

DEFENDANT DISCHARGED POLLUTANTS IN
STORM WATER WITHOUT AN APPLICABLE PERMIT

38. Plaintiff realleges and incorporates by reference Paragraphs 1 through 32.

39. On information and belief, Home Depot discharged pollutants in storm water to waters of the United States without coverage under an Applicable Permit in violation of CWA Section 301, 33 U.S.C. § 1311 at one or more sites listed in Appendix A.

40. Unless enjoined, these violations will continue or will recur at other construction sites.

41. Pursuant to 33 U.S.C.§ 1319, Home Depot is liable for injunctive relief and civil penalties of up to $27,500 per day for each such violation occurring after January 31, 1997 through and including March 15, 2004 and $32,500 per day for each such violation thereafter per day per violation.

42. Pursuant to Colorado law, Home Depot is liable for injunctive relief and civil

penalties of not more than $10,000 per day for each violation that occurred at a site within Colorado that is listed on Appendix A

### THIRD CLAIM FOR RELIEF

### DEFENDANT FAILED TO TIMELY SUBMIT THE INFORMATION REQUIRED TO OBTAIN COVERAGE UNDER AN APPLICABLE PERMIT

43.   Plaintiff realleges and incorporates by reference Paragraphs 1 through 32.

44.   On information and belief, Home Depot failed to timely submit the information required to obtain coverage under an Applicable Permit for the discharge of storm water associated with its construction activities from certain sites listed in Appendix A by the deadline required by EPA's NPDES regulations and the Applicable Permit in violation of CWA Section 308, 33 U.S.C. § 1318.

45.   Pursuant to 33 U.S.C.§ 1319, Home Depot is liable for injunctive relief and civil penalties of up to $27,500 per day for each such violation occurring after January 31, 1997 through and including March 15, 2004 and $32,500 per day for each such violation thereafter per day per violation.

46.   Pursuant to Colorado law, Home Depot is liable for injunctive relief and civil penalties of not more than $10,000 per day for each violation that occurred at a site within Colorado that is listed on Appendix A.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs the United States of America and the State of Colorado

respectfully requests that this Court:

A.   Order Defendant to comply with the terms of the Act and the conditions of Applicable Permits at its construction sites, including by, among other things, the development and implementation of appropriate storm water pollution prevention plans, the application of BMPs to minimize or eliminate discharges of pollutants from the site, and the implementation of corporate policies designed to achieve and assure compliance with the Applicable Permit and the Act;

B.   Assess civil penalties against Defendant of up to $27,500 per day for each such violation occurring after January 31, 1997 through and including March 15, 2004 and $32,500 per day for each such violation thereafter per day for each violation;

C.   Award the United States and Colorado their costs and disbursements in this action; and

D.   Grant any such further relief as this Court deems just and proper.

Respectfully submitted,

FOR THE UNITED STATES:

_____
RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

_____
LESLIE ALLEN
Senior Attorney
Environmental Enforcement Section
Environment & Natural Resources Division

P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-4114
leslie.allen@usdoj.gov


COLM F. CONNOLLY
United States Attorney


By: /s/ Patricia Hannigan

PATRICIA HANNIGAN
Assistant United States Attorney
Delaware Bar I.D. No. 2145
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046
(302) 573-6277
patricia.hannigan@usdoj.gov


OF COUNSEL:

KELLY BRANTNER
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Avenue, N.W
MC 2243A Room 3120A
Washington, DC 20460
202-564-9933

FOR THE STATE OF COLORADO

*[signature]*

ANNETTE M. QUILL
Assistant Attorney General
Natural Resources and Environment Section
Colorado Attorney General's Office
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
(303) 866-4500

# Appendix A
# List of Sites

Home Depot Cities/Sites
Source of discovered violation
EPA Region where site/city located

| | | |
|---|---|---|
| Ellsworth, ME | 308 | 1 |
| Middletown, RI | 308 | 1 |
| Somerset, MA | 308 | 1 |
| Seabrook, NH | 308 | 1 |
| Londonderry, NH | 308 | 1 |
| Nashua, NH | 308 | 1 |
| N. Hampton, NH | 308 | 1 |
| S. Merrimack, NH | 308 | 1 |
| Rockland, MA | 308 | 1 |
| W. Roxbury, MA | 308 | 1 |
| Tewksbury, MA | 308 | 1 |
| Natick, MA | 308 | 1 |
| Avon, MA | 308 | 1 |
| N. Dartmouth, MA | 308 | 1 |
| Waltham, MA | 308 | 1 |
| Leominster, MA | 308 | 1 |
| Taunton, MA | 308 | 1 |
| E. Springfield, Wilbraham, MA | 308 | 1 |
| Plymouth, MA | 308 | 1 |
| Concord, NH | 308 | 1 |
| Manchester, NH | 308 | 1 |
| Auburn, MA | 308 | 1 |
| Methuen, MA | 308 | 1 |
| Salem, MA | 308 | 1 |
| Rochester, NH | 308 | 1 |
| Tilton, NH | 308 | 1 |
| Mahwah, NJ | 308 | 2 |
| Thompson/Monticello, NY | 308 | 2 |
| Ft. Lauderdale, FL | 308 | 4 |
| Fuquay-Varina, NC | 308 | 4 |
| Palm Coast, FL | 308 | 4 |
| Suwannee, GA | 308 | 4 |

| | | |
|---|---|---|
| Owensboro, KY | 308 | 4 |
| S. Huntsville, AL | 308 | 4 |
| Mishawaka, IN | 308 | 5 |
| Willmar, MN | 308 | 5 |
| Auburn Hills, MI | 308 | 5 |
| Crawfordsville IN | 308 | 5 |
| Fond Du Lac, WI | 308 | 5 |
| Alamogordo, NM | 308 | 6 |
| Lawton, OK | 308 | 6 |
| Garden City, KS | 308 | 7 |
| Omaha, NE | 308 | 7 |
| Blue Springs, MO | 308 | 7 |
| Provo, UT | 308 | 8 |
| Helena, MT | 308 | 8 |
| Surprise, AZ | 308 | 9 |
| Bullhead City, AZ | 308 | 9 |
| Beaverton, OR | 308 | 10 |
| Hattiesburg, MS | inspection | 4 |
| Plymouth, MI | inspection | 5 |
| Woodhaven, MI | inspection | 5 |
| Harper Woods, MI | inspection | 5 |
| Canton Twp., MI | inspection | 5 |
| College Station, TX | inspection | 6 |
| Lewisville, TX | inspection | 6 |
| Wylie, TX | inspection | 6 |
| Austin, TX | inspection | 6 |
| American Fork, UT | inspection | 8 |
| Aurora, CO (Pioneer Hills) | inspection | 8 |
| Evergreen, CO | inspection | 8 |
| Aurora, CO (Saddlerock) | inspection | 8 |
| Porterville, CA | inspection | 9 |
| Juneau, AK | inspection | 10 |

Total 64 sites

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA, and STATE OF COLORADO

### DEFENDANTS
HOME DEPOT USA, INC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   NCC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
PATRICIA C. HANNIGAN
The Nemours Bldg., Suite 700
1007 Orange Street
Wilmington, Delaware 19701
(302) 573-6277

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** 362 Personal Injury - Med. Malpractice |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine ☐ 345 Marine Product Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability ☐ 380 Other Personal Property Damage |  | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury ☐ 385 Property Damage Product Liability |  | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment **Habeas Corpus:** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | [x] 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 535 Death Penalty |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment ☐ 540 Mandamus & Other |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other ☐ 550 Civil Rights ☐ 555 Prison Condition |  | ☐ 871 IRS--Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
33 U.S.C. Section 1319(b) and (d)
Brief description of cause:
Injunctive relief and civil penalties pursuant to the Clean Water Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: FEBRUARY 26, 2008
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____